UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

**CINQUETTA M. FRAZIER,**

Plaintiff,

– against –

**SOUTH SHORE UNIVERSITY HOSPITAL (NORTHWELL HEALTH); HOSPITAL ADMINISTRATORS (JOHN/JANE DOES 1-10); MEDICAL STAFF (JOHN/JANE DOES 11-20); NEW YORK STATE DIVISION OF HUMAN RIGHTS; DHR INVESTIGATORS (JOHN/JANE DOES 21-30),**

Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

26-CV-4450 (AMD) (LGD)

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff filed this action on July 8, 2026 against South Shore University Hospital, twenty John and Jane Doe hospital administrators and medical staff, the New York State Division of Human Rights ("NYSDHR"), and ten John and Jane Doe NYSDHR Investigators, bringing claims under the Americans with Disabilities Act ("ADA"), the Emergency Medical Treatment and Labor Act ("EMTALA"), and 42 U.S.C. §§ 1983, 1985, and 1986. (ECF No. 1.)[1] The plaintiff also brings claims for "Fraud Upon the Court," defamation, perjury, negligence, wrongful death, and intentional infliction of emotional distress. (*Id.*) The plaintiff also filed a request to proceed *in forma pauperis* ("IFP") (ECF No. 2), and a motion to

[1] The plaintiff filed this case in the Southern District of New York. (*See* ECF No. 1.) On July 16, 2026, Chief Judge Laura Swain *sua sponte* transferred the case to the Eastern District of New York. (ECF No. 5.)

vacate a decision by the NYSDHR (ECF No. 3). The Court grants the plaintiff's IFP application pursuant to 28 U.S.C. § 1915(a) for the purposes of this Order. As explained below, the plaintiff's motion to vacate is denied and her complaint is dismissed with leave to amend.

**BACKGROUND**[2]

The plaintiff, a "pregnant and permanently disabled woman," alleges that she was "repeatedly mistreated at South Shore University Hospital, including being left unattended during a mini-stroke, being forced out of the hospital by armed guards, miscarrying weeks later, and being handed her miscarried baby in a cup." (ECF No. 1 at 1.) The plaintiff claims that she discovered that South Shore University Hospital "placed false and defamatory statements in her medical records," including claims that she was "threatening or aggressive" and "that medications were administered when they were not." (*Id.* at 3.) She alleges that these statements "harmed [her] reputation and affected her treatment at other hospitals." (*Id.*)

On November 18, 2020, the plaintiff filed a complaint with the NYSDHR, alleging that South Shore University Hospital subjected her to discriminatory practices in public accommodation. (ECF No. 1 at 3; *see also* ECF No. 1-2 at 1.) Administrative Law Judge Robert M. Vespoli held a hearing on October 23 and 24, 2024. (ECF No. 1 at 3; ECF No. 1-2 at 1.) The plaintiff alleges that South Shore University Hospital submitted "forged documents to the judge in [her] Human Rights case," and that during the hearing, "multiple hospital witnesses

---

[2] The facts are drawn from the complaint and the documents attached as exhibits. *See Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011) (summary order) ("[A] district court, in deciding whether to dismiss a complaint under Rule 12(b)(6), is generally limited to the facts as presented within the four corners of the complaint, to documents attached to the complaint, or to documents incorporated within the complaint by reference." (citation modified)). "[W]hen any allegations contradict the evidence contained in the documents relied upon by a plaintiff, the documents control, and the Court need not accept the allegations contained within the complaint as true." *Zoulas v. N.Y.C. Dep't of Educ.*, 400 F. Supp. 3d 25, 48 (S.D.N.Y. 2019) (quoting *Rozsa v. May Davis Group, Inc.*, 187 F. Supp. 2d 123, 128 (S.D.N.Y. 2002)).

committed perjury." (ECF No. 1 at 3.) On November 21, 2025, Judge Vespoli issued a Recommended Findings of Fact, Opinion and Decision, and Order dismissing the complaint. (ECF No. 1-2 at 1–10.) On February 17, 2026, the NYSDHR Commissioner issued a final order adopting Judge Vespoli's recommendation. (*Id*. at 11–12.)

**LEGAL STANDARD**

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ*., 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although "detailed factual allegations" are not required, a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Because the plaintiff is representing herself, the Court evaluates her complaint by "less stringent standards than formal pleadings drafted by lawyers," *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and construes her complaint liberally "to raise the strongest arguments that [it] suggest[s]," *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)). *See also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally" (citations omitted)). Nonetheless, a district court must dismiss an IFP action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. Claims Against the NYSDHR

The plaintiff sues the NYSDHR, which is a New York state agency. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citation modified). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id.* (citation modified). "Courts have repeatedly recognized that the NYSDHR is an arm of the state for the purposes of the Eleventh Amendment." *Hines v. N.Y. State Div. of Hum. Rts.*, No. 21-CV-4629, 2021 WL 2435557, at *2 (S.D.N.Y. June 14, 2021) (collecting cases). "Any claim for damages that Plaintiff is asserting against the NYSDHR or its staff is therefore barred by the Eleventh Amendment and is dismissed as frivolous." *Id.* Accordingly, the plaintiff's claims against the NYSDHR and its staff are dismissed.

### II. Claims Against South Shore University Hospital and its Employees

#### a. Section 1983

Section 1983 provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983; *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.").

To state a Section 1983 claim, a plaintiff must allege "(1) that the challenged conduct was 'committed by a person acting under color of state law'; and (2) that such conduct 'deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Gazzola v. Cnty. of Nassau*, No. 16-CV-909, 2016 WL 6068138, at *4 (E.D.N.Y. Oct. 13, 2016) (quoting *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010)).

South Shore University Hospital is a private hospital. *See Reyes v. Town of Brookhaven*, No. 25-CV-626, 2025 WL 3754081, at *3 (E.D.N.Y. Dec. 29, 2025). Therefore, neither the hospital nor its employees are state actors for purposes of Section 1983. *See White v. St. Joseph's Hosp.,* 369 F. App'x 225, 226 (2d Cir. 2010) (holding that "private actors and institutions," such as hospitals, "are generally not proper § 1983 defendants because they do not act under color of state law"); *see also Goonewardena v. Zucker Hillside Hosp.*, No. 21-CV-4530, 2021 WL 3848122, at *3 (E.D.N.Y. Aug. 27, 2021) (collecting cases). Accordingly, the plaintiff's Section 1983 claims against South Shore University Hospital and its employees must be dismissed.

**b. Sections 1985 and 1986**

"In order to state a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must show: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007)

However, "[i]n order to maintain an action under Section 1985, a plaintiff must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d

Cir. 2003) (citation modified). "A complaint 'containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights' must be dismissed." *Porter v. City of New York*, No. 03-CV-6463, 2004 WL 7332338, at *5 (E.D.N.Y. Mar. 15, 2004) (quoting *Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999)). The plaintiff alleges that she "observed behavior consistent with coercion and conspiracy" (ECF No. 1 at 4), but has not pled any facts to support her conspiracy claim. Accordingly, her Section 1985 claims against South Shore University Hospital and its employees must be dismissed.

"Without a viable claim for relief under § 1985, Plaintiff cannot establish a violation of § 1986, because '[a] claim under section 1986 . . . lies only if there is a viable conspiracy claim under section 1985.'" *Komatsu v. United States*, No. 21-CV-1838, 2023 WL 317326, at *7 (S.D.N.Y. Jan. 19, 2023) (quoting *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 194 (2d Cir. 1994)). Because the plaintiff has not plausibly alleged a Section 1985 claim, she has failed to allege a valid Section 1986 claim, and that claim must also be dismissed.

**c. ADA Claims**

A liberal construction of the complaint suggests that the plaintiff may be making a claim under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., which prohibits discrimination against individuals with disabilities "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Hospitals are considered public accommodations for the purposes of the ADA. S*ee Vale v. Northwell Health*, No. 17-CV-7111, 2018 WL 1115345, at *2 (E.D.N.Y. Feb. 26, 2018) (citing 42 U.S.C. § 12181(7)(F)). However, even assuming the plaintiff is a qualified individual under the ADA, her complaint does not include sufficient factual allegations to support a claim that South Shore University Hospital or any of its employees discriminated against her by denying her "a full and equal opportunity to enjoy the

services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Moreover, the only available remedy for a claim under Title III is injunctive relief, not monetary damages. 42 U.S.C. § 12188(a)(1); *see also Vale*, 2018 WL 1115345, at *4. The plaintiff seeks only monetary damages. (*See* ECF No. 1 at 4.) Accordingly, the plaintiff's ADA claim must be dismissed.

**d. EMTALA Claims**

"EMTALA, commonly known as the Patient Anti-Dumping Act, states that an individual seeking emergency care from a Medicare-participating hospital with an emergency room must be provided 'an appropriate medical screening examination . . . to determine whether or not an emergency medical condition exists.'" *Cooper v. City of New York*, No. 14-CV-3698, 2016 WL 4491719, at *2 (E.D.N.Y. Aug. 25, 2016) (quoting 42 U.S.C. § 1395dd(a)). EMTALA provides a cause of action to "[a]ny individual who suffers personal harm as a direct result of a participating hospital's violation." 42 U.S.C. § 1395dd(d)(2)(A). Under EMTALA, "[n]o action may be brought . . . more than two years after the date of the violation." 42 U.S.C. § 1395dd(d)(2)(C); *see also Amira v. Maimonides Hosp.,* No. 21-CV-3976, 2022 WL 18034533, at *12–13 (E.D.N.Y. Nov. 30, 2022). The plaintiff alleges that the hospital did not properly screen or stabilize her on November 16, 2020. (ECF No. 1 at 2.) She also asserts that she had a miscarriage on January 6, 2021. (*Id.* at 3.) She did not file her claim until July 2026, which is far beyond the two-year statute of limitations, regardless of whether the plaintiff's claim is based on the November 2020 allegations or the January 6, 2021allegations. Thus, her claim is time-barred. *See Amira*, 2022 WL 18034533, at *14 ("With EMTALA, Congress created a federal cause of action, but also placed a strict limit on the time period under which medical providers

could be held liable under its provisions."). Accordingly, the plaintiff's EMTALA claim is dismissed.

**e. Remaining Claims**

The plaintiff also brings claims for fraud upon the court, defamation, "Perjury and Coercion," negligence, wrongful death, and intentional infliction of emotional distress. (ECF No. 1 at 4.) As a threshold matter, "there is no private right of action for perjury and, thus, this claim is likewise dismissed." *Abrahams v. Inc. Vill. of Hempstead*, No. 08-CV-2584, 2009 WL 1560164, at *8 (E.D.N.Y. June 2, 2009); *see also Houston v. Collerman*, No. 16-CV-1009, 2016 WL 6267968, at *11 (N.D.N.Y. Oct. 26, 2016) ("New York does not recognize a common law cause of action for perjury" (citation modified)). In addition, though Federal Rule of Civil Procedure 60(d)(3) permits a plaintiff to "bring an independent action challenging an earlier judgment as caused by fraud on the court," *Garcia v. Griffin*, No. 16-CV-2584, 2021 WL 1577679, at *1 (S.D.N.Y. Apr. 22, 2021) (citing Fed. R. Civ. P. 60(d)(3)), that rule "only [applies] as to a federal case," *Kamdem-Ouaffo v. Baker Botts, L.L.P.*, No. 23-CV-2008, 2023 WL 3818543, at *2 (S.D.N.Y. June 5, 2023), *aff'd sub nom. Kamdem-Ouaffo v. Baker Botts LLP*, No. 23-7753, 2024 WL 4948574 (2d Cir. Dec. 3, 2024). *See also Fiorilla v. Citigroup Glob. Markets, Inc.*, 771 F. App'x 114, 115 (2d Cir. 2019) (summary order) (explaining that there is no "fraud on the court" exception to the *Rooker-Feldman* doctrine, which generally prevents federal district courts from setting aside state court judgments); *Caponetto v. Mullen*, No. 22-CV-10423, 2025 WL 2198927, at *4–5 (S.D.N.Y. Aug. 1, 2025).[3]

[3] It is true that the *Rooker-Feldman* doctrine "generally does not affect a federal court's jurisdiction over claims for damages against third parties for alleged misconduct occurring in the course of a state court proceeding, because the adjudication of such claims would 'not require the federal court to sit in review of the state court judgment.'" *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022) (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014)). However, even if the Court were to construe the plaintiff's claims for fraud on the court as seeking damages against South Shore University

The rest of these claims arise under state law. Because the Court has dismissed the plaintiff's federal claims, it declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ("A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage.").

## III. Motion to Vacate

The plaintiff also moves to vacate Judge Vespoli's November 21, 2025 Recommended Findings of Fact, Opinion and Decision, and Order and the NYSDHR Commissioner's February 17, 2026 final order adopting Judge Vespoli's recommendation. (ECF No. 3.) This Court does not have the power to grant the plaintiff's motion, because the order is appealable only in New York State court. N.Y. Exec. Law § 298; *see also Jackson Hewitt Tax Serv. Inc. v. Kirkland*, 735 F. Supp. 2d 91, 94 (S.D.N.Y. 2010), *aff'd*, 455 F. App'x 16 (2d Cir. 2012). That means that the plaintiff must appeal the order in New York State court if she wants to challenge it. Accordingly, the motion is denied.

---

Hospital and its employees for misconduct during the NYSDHR proceedings, the claim would have to be dismissed because the complaint has not satisfied the requirements of Federal Rule of Civil Procedure 9(b). *See Wilson v. Neighborhood Restore Dev.*, No. 18-CV-1172, 2019 WL 4393662, at *6 (E.D.N.Y. Sept. 13, 2019) ("While the Amended Complaint contains a number of conclusory statements that Defendants engaged in fraud in connection with the state court foreclosure proceedings, Plaintiffs have not described any particular statements made by Defendants that they contend were fraudulent, let alone stated when, where, and by whom the statements were made.").

## CONCLUSION

As explained above, the plaintiff's complaint, filed *in forma pauperis*, is dismissed. Because the plaintiff is representing herself, the Court grants her leave to amend the complaint. The plaintiff has thirty days to file an amended complaint, which must be captioned "Amended Complaint" and bear the same docket number as this order: 26-CV-4450 (AMD) (LGD). The amended complaint completely replaces the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. All further proceedings will be stayed for thirty days. If the plaintiff does not file an amended complaint within the time allowed or show good cause for an extension to file the amended complaint, the Court will direct the Clerk of Court to enter judgment and close this case. The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 or https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project for free, confidential, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff and note the mailing on the docket.

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
August 12, 2026